**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



FILED

OCT 27 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

DANI KURNIAWAN,

Petitioner,

v.

LORETTA E. LYNCH, Attorney General,

Respondent.

No. 12-73437

Agency No. A099-418-162

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 21, 2015[**]
Stanford Law School, California

Before: PAEZ, MURGUIA, and HURWITZ, Circuit Judges.

Petitioner Dani Kurniawan, a native and citizen of Indonesia, petitions for

review of the Board of Immigration Appeals' (BIA) order dismissing his appeal

from the immigration judge's (IJ) denial of his application for asylum, withholding

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

of removal, and relief under the Convention Against Torture (CAT). We deny Kurniawan's petition in part and dismiss in part.

1.     Kurniawan first applied for asylum in 2006 as a derivative beneficiary of his then-wife's application. Kurniawan filed his own application for asylum in 2009. Because Kurniawan arrived in the United States in 2000, both of his applications for asylum were untimely. *See* 8 U.S.C. § 1158(a)(2)(B); *Ramadan v. Gonzales*, 479 F.3d 646, 649 (9th Cir. 2007) (explaining that under the statute, an alien seeking asylum ordinarily "must file an application within one year of arrival in the United States"). While Kurniawan points to his divorce in 2008 and changed country conditions in 2006 as changed circumstances, these did not materially affect Kurniawan's eligibility for asylum in the years between 2000 and 2006, nor did they constitute changed circumstances that would excuse the untimely filing of his 2009 application. *See* 8 U.S.C. § 1158(a)(2)(D).

2.     Kurniawan's application for withholding of removal likewise fails. Even assuming that Kurniawan established past persecution, the IJ's factual findings supported the BIA's conclusion that the Government had rebutted any presumption that his life or freedom would be threatened upon removal. The IJ found that the country reports submitted by the Government indicated that ethnically Chinese citizens and Catholics were safe in Indonesia, that Kurniawan was last mistreated

2

in 1986, that Kurniawan's mistreatment had not occurred with government acquiescence, and that Kurniawan's brother had lived safely in Indonesia until he left in 2009. *See Singh v. Holder*, 753 F.3d 826, 830 (9th Cir. 2014) ("[The] presumption is rebutted if the government shows by a preponderance of the evidence that there has been a fundamental change in circumstances such that [the petitioner's] life or freedom would not be threatened on account of a protected ground upon his return" to his country of origin).

3.      The BIA did not engage in improper factfinding; rather, it properly adopted the IJ's factual findings and treated those facts as true in conducting its analysis. *See Berroteran-Melendez v. INS*, 955 F.2d 1251, 1258 (9th Cir. 1992) (noting that BIA may adopt IJ's factual findings). Nor did the BIA err in relying on country conditions reports to conclude that any presumption that Kurniawan's life or freedom would be threatened upon return to Indonesia had been rebutted. *See Singh*, 753 F.3d at 832 (holding that the BIA may rely on country reports, so long as the evidence is sufficiently individualized to the petitioner's claim).

4.      Substantial evidence supports the IJ's and BIA's conclusion that Kurniawan was not eligible for CAT relief, as the mistreatment he described did not amount to torture. *Kamalthas v. INS*, 251 F.3d 1279, 1284 (9th Cir. 2001) (noting "high bar

to obtaining relief" under CAT); *Nuru v. Gonzales*, 404 F.3d 1207, 1224 (9th Cir. 2005) (observing that "torture is more severe than persecution").

5.     We lack jurisdiction to consider whether Kurniawan established eligibility for humanitarian asylum because he never raised the issue before the agency. *See Vargas v. INS*, 831 F.2d 906, 907–08 (9th Cir. 1987) ("Failure to raise an issue in an appeal to the BIA constitutes a failure to exhaust remedies with respect to that question and deprives this court of jurisdiction to hear the matter.").

**PETITION FOR REVIEW DENIED IN PART; DISMISSED IN PART.**